IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE WHITE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 1:06CV82-MHT-CSC |
| | ) |
| MPW INDUSTRIAL SERVICES, INC. | ) |
| | ) |
| | ) |
|     Defendant. | |

## ANSWER

Defendant MPW Industrial Services, Inc. ("MPW") answers and defends against the complaint as follows:

### JURISDICTION

**Jurisdiction in this action is based on federal statutes 42 U.S.C. 2000 *et. seq.* and 42 U.S.C. 1981(a). All alleged incidents occurred in Houston County, Alabama. Plaintiff filed her charge with the Alabama Equal Employment Opportunity Commission on or about May 20, 2005. Plaintiff received her right to sue letter on or about October 31, 2005.**

RESPONSE: MPW admits that Plaintiff seeks to state claims under the Civil Rights Act, as amended, and codified as 42 U.S.C. § 1981(a) and 42 U.S.C. § 2000 *et seq.,* and admits that this Court has subject matter jurisdiction over a properly plead complaint, but denies all remaining averments of the first, unnumbered paragraph of the Complaint.

166229.1

## SUMMARY OF THE PARTIES

**1.    Plaintiff, Jackie White (hereinafter referred to as "White") does reside in Houston County, Alabama, and did at all relevant times during the actions complained of herein.**

RESPONSE:   MPW is without sufficient knowledge or information to admit or deny the averments of paragraph 1 of the Complaint and therefore denies same

**2.    Defendant, MPW Industrial Services, Inc. (hereinafter referred to as "MPW") is an Ohio Corporation actively doing business in Houston County, Alabama.**

RESPONSE:   MPW admits that it is an Ohio corporation doing business in the State of Alabama.

**3.    Plaintiff White was employed as a district sales representative with MPW in Dothan, Alabama.**

RESPONSE:   MPW admits the averments of paragraph 3 of the Complaint.

**4.    White's supervisor Chuck Munsey made sexually related advances towards White in the form of lewd comments. White continually refused these advances. Munsey's actions were constant and repeated, and continued through and during the time that White was employed by the Defendant.**

RESPONSE:   MPW denies the averments of paragraph 4 of the Complaint.

**5.    White was subjected to other male employees' lewd and sexual comments as well, which were constant and repeated, and continued through and during the time that White was terminated by the Defendant.**

RESPONSE:   MPW denies the averments of paragraph 5 of the Complaint.

**6.     Munsey and other male employees' lewd and sexual comments as well, which were constant and repeated, and continued through and during the time that White was terminated by the Defendant.**

RESPONSE:  MPW denies the averments of paragraph 6 of the Complaint.

**7.     White was terminated on December 3, 2004 by the Defendant.**

RESPONSE:  MPW admits Plaintiff was terminated on December 8, 2004.

## COUNT I

## SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

**8.     Plaintiff White adopts and re-alleges all prior paragraphs as if set out here in full.**

RESPONSE:  MPW reasserts and incorporates by reference its responses to all prior paragraphs, as though fully set forth herein in response to paragraph 8 of the Complaint.

**9.     Plaintiff White would assert that the corporate Defendant has violated 42 U.S.C. 2000 et. seq. in that she has been sexually harassed by her superior/co-worker, in violation of Federal Law, by subjecting her to a sexually hostile work environment.**

RESPONSE:  MPW denies the averments of paragraph 9 of the Complaint.

**WHEREFORE, Plaintiff White demands judgment against Defendant for such sums as a jury may award, including both compensatory and punitive damages, as well as all attorney's fees and costs.**

166229.1                                                3

RESPONSE: MPW denies that Plaintiff is entitled to any damages or other relief from MPW as requested in the second unnumbered paragraph, entitled "WHEREFORE".

## COUNT II

**10. Plaintiff White adopts and re-alleges all prior paragraphs as if set out here in full.**

RESPONSE: MPW reasserts and incorporates by reference its responses to all prior paragraphs, as though fully set forth herein in response to paragraph 10 of the Complaint.

**11. Plaintiff White further contends that Munsey did on several occasions attempt to renew a relationship with Plaintiff White, the two parties who had many years earlier, prior to her employment with the Defendant, had a relationship together. Plaintiff White refused those advancements and suggestions, and as a result, Mr. Munsey caused White's employment to be terminated. White contends that Munsey's actions resulted in a quid pro quo termination of her employment because of his mis-training and mis-assignments of Plaintiff White, which he passed on to White's new supervisor, which resulted in that supervisor terminating White before the end of her probation.**

RESPONSE: MPW denies the averments of paragraph 11 of the Complaint.

**WHEREFORE, Plaintiff White demands judgment against Defendant for such sums as a jury may award, including both compensatory and punitive damages, as well as all attorney's fees and costs.**

RESPONSE:  MPW denies that Plaintiff is entitled to any damages or other relief from MPW as requested in the third unnumbered paragraph, entitled "WHEREFORE".

## COUNTY III

## RETALIATION

**12.   Plaintiff White adopts and re-alleges all prior paragraphs as if set out here in full.  White would assert that the Defendant has violated 42 U.S.C. 1981(a), in that the Defendant failed to take prompt and remedial measures to prohibit sexual harassment, and then retaliated against her, both through her immediate supervisor  and through the corporate Defendant, by failing to allow her full-time regular employment.**

RESPONSE:  MPW reasserts and incorporates by reference its responses to all prior paragraphs, as though fully set forth herein in response to paragraph 12 of the Complaint, and denies all remaining averments in paragraph 12 of the Complaint.

**WHEREFORE, Plaintiff White demands judgment against Defendant for such sums as a jury may award for both compensatory and punitive damages, as well as attorney's fees and costs.**

RESPONSE:  MPW denies that Plaintiff is entitled to any damages or other relief from MPW as requested in the fourth unnumbered paragraph, entitled "WHEREFORE".

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted, in whole or in part.

166229.1                                            5

### Second Affirmative Defense

MPW has at all times relevant hereto complied with all applicable laws, regulations and standards, and the claims asserted by Plaintiff are, therefore, preempted under applicable state and/or federal law.

### Third Affirmative Defense

MPW's actions and/or decisions with respect to the Plaintiff were taken for legitimate, nondiscriminatory, non-retaliatory, non-pretextual reasons.

### Fourth Affirmative Defense

In the alternative, MPW did not willfully violate any of the statutes or laws referenced in the Complaint.

### Fifth Affirmative Defense

MPW exercises reasonable care to prevent and correct promptly any sexually harassing behavior in the workplace, including, but not limited to, having a well-established policy on sexual harassment which is disseminated to all employees, having a well-established open door/grievance procedure, and providing complainants with several avenues of redress.

### Sixth Affirmative Defense

Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by MPW, including, but not limited to, failing to file a complaint of sexual harassment and/or by failing to notify management otherwise of any alleged sexual harassment.

### Seventh Affirmative Defense

MPW acted within its legal rights.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because MPW did not act with malice or reckless indifference.

### Ninth Affirmative Defense

MPW actions with respect to Plaintiff were taken in good faith.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by lack of knowledge.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by lack of intent.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because MPW is not liable to Plaintiff under any theory.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel, laches or unclean hands.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by principles related to her failure to mitigate damages, if any.

### Fifteenth Affirmative Defense

Plaintiff has suffered no damages; and is therefore not entitled to recover the damages described in the complaint.

### Sixteenth Affirmative Defense

MPW denies that it has been guilty of misconduct which entitles Plaintiff to recover compensatory or punitive damages or equitable relief against it.

### Seventeenth Affirmative Defense

The amount of any compensatory or punitive damage award, if any, that Plaintiff might recover from MPW on her Title VII claim is subject to the damage caps under 42 U.S.C. § 1981a(b).

### Eighteenth Affirmative Defense

Plaintiff's claims for punitive damages violate MPW's United States constitutional protection from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the law.

### Nineteenth Affirmative Defense

Plaintiff's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of MPW, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent or discrimination; do not evidence a malicious, oppressive, or fraudulent intent to deny Plaintiff her protected rights or to harass or to otherwise discriminate against Plaintiff; and are not so wanton or willful as to support an award of punitive damages.

### Twentieth Affirmative Defense

MPW did not act recklessly or with indifference to the federally protected rights of Plaintiff. Hence, Plaintiff cannot recover punitive damages against MPW.

### Twenty-First Affirmative Defense

MPW avers that any award of punitive damages against MPW to Plaintiff in this action would be in violation of the safeguards provided to MPW under the Constitution of the United States of America.

### Twenty-Second Affirmative Defense

Attorney's fees are not recoverable based upon the particular facts of this case.

### Twenty-Third Affirmative Defense

MPW denies each and every material allegation of the Complaint which is not specifically admitted herein and demands strict proof hereof.

MPW reserves the right to plead additional defenses in the future.

Respectfully submitted this 14th day of March, 2006.

/s/ Dorman Walker
One of counsel for defendant
MPW Industrial Service, Inc.

OF COUNSEL:
Dorman Walker (WAL086)
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama  36101
334/269-3115
866-736-3854 (fax)
dwalker@balch.com

166229.1

9

## CERTIFICATE OF SERVICE

I certify that on March 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid, to the following:

Ms. Jackie White, pro se
721 Blair Avenue
Hampton, VA  23661

                                              /s/  Dorman Walker
                                              Of Counsel